1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE WAYNE ANDERSON,              No. CIV S-09-3416-CMK

12                Plaintiff,

13        vs.                            ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                 Defendant.
16   _____/

17              Plaintiff, who is proceeding with retained counsel, brings this action for judicial

18   review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

19   Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

20   judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Judgment was

21   entered on March 15, 2011, remanding this matter to the Commissioner pursuant to sentence four

22   of 42 U.S.C. § 405(g) for further proceedings.  Pending before the court is plaintiff's motion for

23   attorney fees pursuant to the Equal Access to Justice Act (hereinafter EAJA), 28 U.S.C. §

24   2412(d) (Doc. 23).

25   / / /

26   / / /

                                                   1

1    The EAJA authorizes an award of "fees and other expenses" to a prevailing party

2  in a case against the United States "unless the court finds that the position of the United States

3  was substantially justified or that special circumstances make an award unjust."  28 U.S.C. §

4  2412(d)(1)(A).  In social security appeals such as this, the Commissioner bears the burden of

5  showing that her decision to deny benefits was substantially justified "to a degree that could

6  satisfy a reasonable person."  See Pierce v. Underwood, 487 U.S. 552, 565 (1988).  In this case

7  the Commissioner does not challenge the plaintiff's entitlement to fees, and the court's own

8  review of the record does not reveal any special circumstances which would render an EAJA

9  award unjust.  See 28 U.S.C. §. 2412(d)(1)(A).  Thus, the court concludes that the position of the

10  Commissioner was not justified and that reasonable fees should be awarded under the EAJA.

11    Having concluded that an EAJA award is proper, the court moves to the contested

12  issue of whether the amount sought by plaintiff's counsel is reasonable.  "This court has

13  discretion in determining the amount of a fee award, including the reasonableness of the hours

14  claimed by the prevailing part."  Gates v. Deukmejian, 987 F.2dd 1392, 1398 (9th Cir. 1992)

15  (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)); see also INS v. Jean, 496 U.S. 154

16  (1990) (the district court's determination of what fee is reasonable under the EAJA is the same as

17  the standard in Hensley).   With respect to attorney's fees, plaintiff's counsel requests a total of

18  $6,169.85[1] for 35.2 hours of work.  The EAJA provides that "attorney fees shall not be awarded

19  in excess of $125 per hour unless the court determines that an increase in the cost of living or a

20  special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  The rates submitted by

21  counsel are adjusted to account for cost of living increases–a rate of $172.24 per hour in 2009,

22  $175.06 per hour in 2010, and $178.61 per hour in 2011.  To support these adjustments,

23

24         [1]    Plaintiff's counsel originally requested $6,336.00, based on a rate of $180.00 per
     hour.  Defendant objected to plaintiff's rate calculation, and in reply plaintiff's counsel concedes
25   the error and agrees to the rates set forth in defendant's opposition and as set forth herein.
     Plaintiff's counsel then averages these rates, which the court finds not appropriate.  Rather, the
26   fees will be based on a per-year calculation

1  defendant's counsel cites the United States Department of Labor's Consumer Price Index, which

2  according to the Ninth Circuit, constitutes proper proof of the increased cost of living since the

3  EAJA's enactment and justifies an award of attorney's fees greater than the statutory cap.  See

4  Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001).  The court finds the hourly rates

5  proposed are reasonable.

6           The court next moves to the itemized accounting of attorney time that plaintiff's

7  counsel submitted in support of the fee application.  District courts have found that spending

8  between 20 and 40 hours on a social security case that is not particularly difficult is a reasonable

9  amount of time.  See Harden v. Comm'r Social Security, 497 F. Supp.2d 1214, 1215-1216 (D.

10 Or. 2007), Patterson v. Apfel, 99 F. Supp.2d 1212, 1215 n. 2 (N.D. Cal. 2000) (collecting cases

11 involving reasonable EAJA fee awards between 20 and 54.5 hours).

12          At issue are counsel's time communicating with his client (5.1 hours), drafting the

13 motion for summary judgment (17.3 hours), drafting the complaint (2.4 hours), and drafting the

14 EAJA petition (2.2 hours).  The Commissioner contends that the number of hours requested is

15 excessive given the length of the record (294 ages), the minimal amount (if any) of legal research

16 conducted, the length of the motion for summary judgment (10 pages), and the familiarity of

17 counsel with the case given the representation at the administrative level.  The Commissioner

18 suggests an elimination of half of these questionable hours.

19          Counsel counters that most of the client contact was initiated by plaintiff, and

20 given plaintiff's continuing deterioration, he was unable to ignore such contact.  In addition,

21 counsel argues no social security appeal is boilerplate, as they are each fact intensive.

22          The court agrees that social security appeals can be fact intensive, and as counsel

23 points out can consist of hundreds of pages of illegible hand-written medical documents.

24 However, that was not the case here.  Very little of plaintiff's medical documents were hand

25 written.  That fact, in conjunction with counsel's familiarity with the case given his

26 representation of plaintiff at the administrative level, leaves the court with the impression that the

3

amount of time billed overall to be on the high side.  This case did not involve a particularly

large administrative record, the briefs filed were not lengthy, and did not involve significantly

complex medical or legal issues.  The court would therefore expect the number of hours needed

to complete this case to have been on the lower end of the reasonable range.  However, the

number of hours billed do fall within the reasonable range.  Counsel is requesting a total of 35.2

hours.  The court agrees with the Commissioner that some of the categories are higher than

would be expected, especially 2.4 hours to file the complaint.  However, the court notes that

counsel did not specifically bill for document review, and did not bill for any, even minimal,

legal research.  The amount billed for client contact is also higher than would be expected, but

given counsel's explanation, the amount does not appear to be unreasonable.

       Accordingly, the court finds that although the amount of hours bill is slightly

higher that would be expected for the limited amount of work this case perhaps required, the

amount requested falls within the reasonable range.  If the court were to deduct any amount, it

would be minimal given the explanation provided.  Therefore, the court will accept the amount

requested.  As such, the undersigned finds counsel has set forth in his declaration that 4.5 hours

were performed in 2009, 25.6 hours in 2010, and 5.1 hours in 2011.  Calculating those amounts

with the hourly rates set forth above, the court finds the appropriate amount of attorney fees to be

$6,167.52.

       Finally, the Commissioner has requested that the fee award be paid directly to

plaintiff pursuant to  Astrue v. Ratliff, 130 S. Ct. 2521 (2010).  Counsel does not challenge this

request in his reply brief.  The undersigned agrees that Ratliff holds that an EAJA fee award is

payable to the prevailing party, not the attorney, and is thus subject to offset for any debt owed to

the government.  Therefore, the fee award provided herein shall be made payable to plaintiff.

However, if after a determination that no government debt is owed, and if counsel provids the

Commissioner with the appropriate agreements wherein plaintiff agreed to the assignment of the

fee award, the fee award may be made payable to counsel upon agreement.

1          Accordingly, IT IS ORDERED that plaintiff's counsel's request for attorney fees

2  is granted in the amount of $6,167.53.

3

4  DATED:  April 25, 2012

5

6                                **CRAIG M. KELLISON**

                                UNITED STATES MAGISTRATE JUDGE