IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WAYNE ANDERSON, | No. CIV S-09-3416-CMK |
| Plaintiff, | |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Judgment was entered on March 15, 2011, remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Pending before the court is plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (hereinafter EAJA), 28 U.S.C. § 2412(d) (Doc. 23).

/ / /

/ / /

1

The EAJA authorizes an award of "fees and other expenses" to a prevailing party in a case against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In social security appeals such as this, the Commissioner bears the burden of showing that her decision to deny benefits was substantially justified "to a degree that could satisfy a reasonable person." See Pierce v. Underwood, 487 U.S. 552, 565 (1988). In this case the Commissioner does not challenge the plaintiff's entitlement to fees, and the court's own review of the record does not reveal any special circumstances which would render an EAJA award unjust. See 28 U.S.C. §. 2412(d)(1)(A). Thus, the court concludes that the position of the Commissioner was not justified and that reasonable fees should be awarded under the EAJA.

Having concluded that an EAJA award is proper, the court moves to the contested issue of whether the amount sought by plaintiff's counsel is reasonable. "This court has discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing part." Gates v. Deukmejian, 987 F.2dd 1392, 1398 (9th Cir. 1992) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)); see also INS v. Jean, 496 U.S. 154 (1990) (the district court's determination of what fee is reasonable under the EAJA is the same as the standard in Hensley). With respect to attorney's fees, plaintiff's counsel requests a total of $6,169.85[1] for 35.2 hours of work. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The rates submitted by counsel are adjusted to account for cost of living increases–a rate of $172.24 per hour in 2009, $175.06 per hour in 2010, and $178.61 per hour in 2011. To support these adjustments,

---

[1] Plaintiff's counsel originally requested $6,336.00, based on a rate of $180.00 per hour. Defendant objected to plaintiff's rate calculation, and in reply plaintiff's counsel concedes the error and agrees to the rates set forth in defendant's opposition and as set forth herein. Plaintiff's counsel then averages these rates, which the court finds not appropriate. Rather, the fees will be based on a per-year calculation

defendant's counsel cites the United States Department of Labor's Consumer Price Index, which according to the Ninth Circuit, constitutes proper proof of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than the statutory cap. See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001). The court finds the hourly rates proposed are reasonable.

The court next moves to the itemized accounting of attorney time that plaintiff's counsel submitted in support of the fee application. District courts have found that spending between 20 and 40 hours on a social security case that is not particularly difficult is a reasonable amount of time. See Harden v. Comm'r Social Security, 497 F. Supp.2d 1214, 1215-1216 (D. Or. 2007), Patterson v. Apfel, 99 F. Supp.2d 1212, 1215 n. 2 (N.D. Cal. 2000) (collecting cases involving reasonable EAJA fee awards between 20 and 54.5 hours).

At issue are counsel's time communicating with his client (5.1 hours), drafting the motion for summary judgment (17.3 hours), drafting the complaint (2.4 hours), and drafting the EAJA petition (2.2 hours). The Commissioner contends that the number of hours requested is excessive given the length of the record (294 ages), the minimal amount (if any) of legal research conducted, the length of the motion for summary judgment (10 pages), and the familiarity of counsel with the case given the representation at the administrative level. The Commissioner suggests an elimination of half of these questionable hours.

Counsel counters that most of the client contact was initiated by plaintiff, and given plaintiff's continuing deterioration, he was unable to ignore such contact. In addition, counsel argues no social security appeal is boilerplate, as they are each fact intensive.

The court agrees that social security appeals can be fact intensive, and as counsel points out can consist of hundreds of pages of illegible hand-written medical documents. However, that was not the case here. Very little of plaintiff's medical documents were hand written. That fact, in conjunction with counsel's familiarity with the case given his representation of plaintiff at the administrative level, leaves the court with the impression that the

amount of time billed overall to be on the high side.  This case did not involve a particularly large administrative record, the briefs filed were not lengthy, and did not involve significantly complex medical or legal issues.  The court would therefore expect the number of hours needed to complete this case to have been on the lower end of the reasonable range.  However, the number of hours billed do fall within the reasonable range.  Counsel is requesting a total of 35.2 hours.  The court agrees with the Commissioner that some of the categories are higher than would be expected, especially 2.4 hours to file the complaint.  However, the court notes that counsel did not specifically bill for document review, and did not bill for any, even minimal, legal research.  The amount billed for client contact is also higher than would be expected, but given counsel's explanation, the amount does not appear to be unreasonable.

Accordingly, the court finds that although the amount of hours bill is slightly higher that would be expected for the limited amount of work this case perhaps required, the amount requested falls within the reasonable range.  If the court were to deduct any amount, it would be minimal given the explanation provided.  Therefore, the court will accept the amount requested.  As such, the undersigned finds counsel has set forth in his declaration that 4.5 hours were performed in 2009, 25.6 hours in 2010, and 5.1 hours in 2011.  Calculating those amounts with the hourly rates set forth above, the court finds the appropriate amount of attorney fees to be $6,167.52.

Finally, the Commissioner has requested that the fee award be paid directly to plaintiff pursuant to Astrue v. Ratliff, 130 S. Ct. 2521 (2010).  Counsel does not challenge this request in his reply brief.  The undersigned agrees that Ratliff holds that an EAJA fee award is payable to the prevailing party, not the attorney, and is thus subject to offset for any debt owed to the government.  Therefore, the fee award provided herein shall be made payable to plaintiff.  However, if after a determination that no government debt is owed, and if counsel provids the Commissioner with the appropriate agreements wherein plaintiff agreed to the assignment of the fee award, the fee award may be made payable to counsel upon agreement.

Accordingly, IT IS ORDERED that plaintiff's counsel's request for attorney fees is granted in the amount of $6,167.53.

DATED: April 25, 2012

                                                                          /s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

5